UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 12-5030-JFW (FMOx)**                                    Date:  June 26, 2012

Title:     Stacey Hershfield, et al. -v- Quantum Servicing Corporation, et al.

**PRESENT:**

    HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                                                   None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

    On May 1, 2012, Plaintiffs Stacey Hershfield and Yohanna Hershfield ("Plaintiffs") filed a Complaint against Defendants Quantum Servicing Corporation and Societe Generale ("Defendants") in Los Angeles County Superior Court.  On June 8, 2012, Defendants filed a Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a) ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    28 U.S.C. §1332(a)(3) provides:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . . citizens of a different States in which citizens or subjects of a foreign state are additional parties."  The requirement of complete diversity applies to 28 U.S.C. § 1332(a)(3).  *See Depex Reina 9 Partnership v. Texas Internat'l Petroleum Corp.*, 897 F.2d 461, 465 (10th Cir. 1990).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in

Initials of Deputy Clerk __sr__

a particular state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

Here, Defendants fail to allege Plaintiffs' citizenship and Defendant Quantum Servicing Corporation's principal place of business. Although Defendants allege that "none of the Defendants is a resident of California" and Plaintiffs allege in their Complaint that they are residents of California, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Accordingly, Defendants fail to meet their burden of demonstrating that removal is proper and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.